**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELLE B.-J., | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO.  25-6023 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    March 23, 2026

Michelle B.-J.. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the

final decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security

Act.   Plaintiff has filed a brief in support of her request for review, the Commissioner has

responded to it, and Plaintiff has filed a reply.  For the reasons set forth below, Plaintiff's request

for review is granted and the case remanded to the Commissioner.

**I.        PROCEDURAL HISTORY**[1]

On May 28, 2020, Plaintiff applied for DIB, alleging that her disability commenced on

December 2, 2019.  Pl. Br. at 1.  Her claim was denied initially and upon reconsideration.  *Id.*

Hence, she requested an administrative hearing.  *Id.*  On November 8, 2021, Plaintiff appeared for

a video hearing, before Margaret M. Gabell, Administrative Law Judge ("the ALJ").   On

November 19, 2021, the ALJ, using the sequential evaluation process ("SEP") for disability,[2]

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

issued an unfavorable decision.  *Id.*  On March 15, 2023, the Social Security Appeals Council denied Plaintiff's request to reverse the ALJ's decision.  *Id.* at 1-2.

Plaintiff then sought judicial review in this court.  Pl. Br. at 2.  On July 14, 2023, the undersigned granted the Commissioner's uncontested remand motion.  *Id.*  On August 11, 2023, the Appeals Council remanded the case to the ALJ.  *Id.*  On February 19, 2025, the ALJ conducted a telephonic hearing; Plaintiff, represented by an attorney, medical expert Submarinam Kirshanmurthi ("the ME"), and vocational expert Donna Nealon ("the VE"), testified at the hearing.  R. 4.  Again applying the SEP, the ALJ found that Plaintiff was disabled, as of June 9, 2025, but not before.  R. 5, 19.  Plaintiff presently seeks judicial review of that decision; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on June 10, 1970, resides with her husband and teenage son.  R. 34, 43.  At the time of the 2025 administrative hearing, she was working on a part-time basis.  R. 36.

---

1.  If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed.  Otherwise proceed to Step 2.  *See* 20 C.F.R. § 404.1520(b).

2.  If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed.  Otherwise proceed to Step 3.  *See* 20 C.F.R. § 404.1520(c).

3.  If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed.  Otherwise proceed to Step 4.  *See* 20 C.F.R. § 404.1520(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.  Otherwise proceed to Step 5.  *See* 20 C.F.R. § 404.1520(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled.  *See* 20 C.F.R. § 404.1520(g).

B.    Plaintiff's Testimony

At the February 19, 2025 hearing, Plaintiff testified about her limitations.  R. 34-46. Plaintiff maintained that, since the 2021 hearing, her knees had worsened and required knee replacement surgery; however, her surgeon would not perform it until she lost 100 pounds.  R. 38, 44.  Plaintiff, therefore, is using prescribed weight loss injections.  R. 44.  Daily, she uses a cane to walk.  R. 39.

Plaintiff is able to perform some household chores but requires rest periods while doing so. R. 43.  She is able to attend to her personal hygiene and drive a car.  R. 43, 45.

C.    Medical Expert's Testimony

The ME identified Plaintiff's severe impairments as:  asthma, hypertension, diabetes, degenerative osteoarthritis of both knees, mild degenerative joint disease of the lumbar spine, obesity and a history of stroke.  R. 47.  The ME opined that none of Plaintiff's impairments met or equaled a listing.  R. 47-48.  He also opined on Plaintiff's residual functional capacity ("RFC"), she:  was able to lift 10 pounds frequently and 20 pounds occasionally; to stand and walk four hours in an eight-hour workday; had no limitation in reaching with the right upper extremity; could handle frequent reaching with left upper extremity; had no limitations on handling, fingering, feeling and grasping; was unable to climb ladders, ropers or scaffolds; could occasionally climb stairs, bend, stoop, crawl, crouch, kneel, and balance; must avoid heights and dangerous machinery; and Plaintiff can tolerate occasional exposure to dust, fumes and pulmonary irritants. R. 48-49.  Finally, the ME opined that, although Plaintiff had complied with her doctors' advice, use of a cane was not medically necessary.  R. 50, 52.

D.    Vocational Testimony

The VE was asked to consider an individual having Plaintiff's age, education and work

3

experience, capable of lifting 20 pounds occasionally and 10 pounds frequently; sitting up to six hours in an eight-hour workday; standing and walking up to four hours in an eight-hour workday; able to reach frequently with the left upper extremity and no limitation in reaching with the right; no limitations in fingering and handling; unable to climb ladders, ropers or scaffolds; able to tolerate occasional exposure to extreme heat, cold, dust, odors, gases, fumes and poorly ventilated areas; able to tolerate a moderate noise environment.[3]  R. 51-53.  The VE opined that this person could perform the following light,[4] unskilled[5] jobs:  (1) survey worker, 74,000 positions in the national economy; (2) storage rental clerk, 74,000 positions in the national economy; and (3) office helper, 38,000 positions in the national economy.  R. 54.  Next, the ALJ asked the VE to add to the hypothetical that the individual would need two to three rest breaks of 15 minutes duration, in addition to normal rest breaks.  R. 55-56.  The VE opined that this person could perform no work. R. 56.  Finally, if the individual would be absent two to three days per month, she could not sustain any work.  R. 56.

### III.    THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1.    [Plaintiff] meets the insured status requirements of the Social Security Act through September 30, 2028

2.    [Plaintiff] has not engaged in substantial gainful activity since December 2, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.    Since the alleged onset date of disability, [Plaintiff] has had the following severe impairments:    asthma, diabetes mellitus, hypertension, degenerative joint disease of the

---

[3] The VE also provided testimony about Plaintiff's past jobs.  R. 51.  However, since the ALJ concluded that Plaintiff had no past relevant work, R. 17, there is no need to consider that evidence.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 404.1568(a).

knees, supraspinatus tendinopathy of the left shoulder, anterior talofibular ligament (ATFL) tear of the right ankle, Achilles tendinitis, disorders of the spine, and obesity (20 CFR 404.1520(c)).

4.  Since December 2, 2019, [Plaintiff] has not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that since December 2, 2019, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit 6-hours and stand/walk 6-hours in an 8-hour workday. She can use her left upper extremity for reaching in all directions frequently. She has no restrictions with the use of her right dominant upper extremity. She cannot climb ladders, ropes or scaffolds and can do all other postural activities occasionally. She cannot work at unprotected heights or with dangerous machinery. She must have no more than occasional exposure to pulmonary irritants. She can have exposure to moderate noise.

6.  [Plaintiff] has no past relevant work (20 CFR 404.1565).

7.  Prior to the established disability onset date, [Plaintiff] was an individual closely approaching advanced age. On June 9, 2025, [Plaintiff's] age category changed to an individual of advanced age (20 CFR 404.1563).

8.  [Plaintiff] has at least a high school education (20 CFR 404.1564).

9.  Transferability of job skills is not an issue in this case because [Plaintiff] does not have past relevant work (20 CFR 404.1568).

10. Prior to June 9, 2025, the date [Plaintiff's] age category changed, considering [her] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

11.     Beginning on June 9, 2025, the date [Plaintiff's] age category changed, considering [her] age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform (20 CFR 404.1560(c) and 404.1566).

12.     [Plaintiff] was not disabled prior to June 9, 2025, but became disabled on that date and has continued to be disabled through the date of this decision.  Her disability is expected to last twelve months past the onset date (20 CFR 404.1520(g)).

R. 7-9, 17-19.

## IV.    DISCUSSION

A.    Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.

*Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined Plaintiff was disabled, as of June 9, 2025, but not before.  R. 5, 19.  Plaintiff disputes the ALJ's decision that she was not

disabled from December 2, 2019 to June 9, 2025, arguing that the ALJ: (1) failed to comply with Social Security Ruling ("SSR") 19-2p when evaluating her obesity; and (2) failed to comply with the Appeals Council remand order concerning her obesity  Pl. Br. at 4-11.  The Commissioner denies Plaintiff's arguments.  Resp. at 1-7.  The court finds that the ALJ failed to properly evaluate Plaintiff's obesity.[6]

In this case, the ALJ found that Plaintiff's obesity was a severe impairment.  R. 7.  Hence, the ALJ was required to consider the impact of Plaintiff's obesity at SEP steps three through five, including when determining Plaintiff's RFC.  SSR 19-2p, 2019 WL 2374244, * 4; *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503-04 (3d Cir. 2009) (applying the former obesity ruling, SSR 00-3p)).  The ALJ explicitly stated that she would comply with SSR 19-2p.  R. 8.  However, the ALJ ignored an important consequence of Plaintiff's obesity, which renders her decision legally flawed.

There is no dispute that Plaintiff's orthopedic surgeon recommended that Plaintiff have bilateral knee replacement surgery; however, her surgeon would not perform the surgery, until Plaintiff lost 100 pounds.  R. 14, 44.  This is direct evidence that Plaintiff's obesity prevented her from obtaining needed surgery to improve her functioning and ability to work.  When assessing Plaintiff's RFC, the ALJ made no mention of her need for bilateral knee replacement surgery and the fact that her obesity prevented her from obtaining the needed surgery.  Instead, the ALJ erroneously stated that Plaintiff's bilateral knee impairment was managed with medications, injections and physical therapy.  R. 14.  The ALJ also found that Plaintiff did not need to use a cane to walk.  *Id.*  This finding is premised on the erroneous conclusion that Plaintiff's knee pain was managed with her treatment to date, when, in fact, she required knee replacement surgery, which was precluded by her obesity.  In short, the ALJ did not properly account for the effects of

---

[6] The court declines to consider Plaintiff's second argument, since the first one has merit and justifies a remand.

Plaintiff's obesity on her ability to function and the ALJ erroneously omitted Plaintiff's need for bilateral knee replacement surgery.  On remand, the ALJ must acknowledge that Plaintiff required bilateral knee replacement surgery and that her obesity prevented her from obtaining it.  The ALJ must also reconsider whether, in light of Plaintiff's need for knee replacement surgery, Plaintiff needed a cane to walk.  This limitation affects whether Plaintiff meets a listing, *see* R. 8, her RFC, *see Diaz*, 577 F.3d at 503-04, and, hence, whether she is disabled.

Implementing and judgment orders follow.